## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| ZACHARY FONTANA | CASE NO.  3:20-CV-00100 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| H O V G L L C ET AL | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by defendant HOVG, LLC d/b/a Bay Area Credit Service, LLC ("BACS"). [doc. # 7]. The motion is opposed. For reasons that follow, it is recommended that the motion be GRANTED and the claim DISMISSED, WITH PREJUDICE.

### Background

Fontana alleges BACS violated the Fair Debt Collection Practices Act ("FDCPA") when it had a brief telephone conversation with his sister on January 22, 2019. The conversation is as follows:

Fontana's sister: Hello?

Collector: Hello, good afternoon, my name is Lisa Hayes calling you on a recording line. Am I talking to Zachary Fontana?

Fontana's sister: This is not his number.

Collector: Oh-ah, so do you know him?

Fontana's sister: Who…where are you from?

Collector: Ok, I'm calling from Bay Area Credit Service. Actually, it's an important business matter for him, ok? Can I talk to the spouse?

Fontana's sister: I'm not sure I want to give you his number, so what agency are you with?

1

Collector: Ok, uh, that is why I'm asking. Can I talk to the spouse so I can discuss about this?

Fontana's sister: This is his sister and this is not his phone number and I do not live near him, that is why I was going to have him contact you if it was that important.

Collector: It is an important personal business matter for him, ok. I will give you my call back number ma'am. You can provide my number and tell him to call me back.

Fontana's sister: What agency is this with?

Collector: Bay Area Credit Service.

Fontana's sister: Ok, I'll tell him to give you a call.

Collector: Ok, you can see my call back number on your caller ID?

Fontana's sister: Ok, I'll tell him to give you a call.

Collector: Please tell him to call me back on this number.

Fontana's sister: Alright.

(Compl. ¶ 8).

Fontana's sister advised plaintiff to call BACS back. He did so, and BACS informed him he owed $446.44 on a medical bill.

On  January 21, 2020, plaintiff filed this complaint, alleging BACS violated 15 U.S.C. § 1692c(b) by communicating with a person other than plaintiff in the collection of a debt. (Doc. # 1). On May 6, 2020, BACS filed its motion to dismiss for failure to state a claim. [doc. # 7]. On May 27, 2020, Fontana filed his response. [doc. # 10]. On June 3, 2020, BACS filed its reply. [doc. # 11]. The matter is ripe.

## Law and Analysis

### I.      12(b)(6) standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  A pleading states a claim for

2

relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

**II.     15 U.S.C. § 1692c(b)**

In 1977 Congress enacted the FDCPA in response to national concern over "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The purpose of the FDCPA is "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 382, 95th Cong., 1st Sess. 1-2, reprinted in 1977 U.S. Code Cong. & Ad. News 1695, 1696.

Under Section 1692c(b), except to obtain "location information" under § 1692b, a debt collector may not communicate with a third party regarding the collection of a debt without the prior consent of the consumer, the express permission of a court, or unless reasonably necessary to effectuate a post-judgment judicial remedy. *See* 15 U.S.C. § 1692c(b). The term "location information" means a consumer's place of abode and his telephone number at such place, or his place of employment. 15 U.S.C. § 1692a(7).  § 1692b contains strict limitations and requirements that a debt collector must comply with in order to obtain even location information about the consumer from third parties, including (1) identifying himself, stating he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer, (2) not state such consumer owes any debt, and (3) not communicating with any person more than once. *See* § 1692b(1-6).

### III.    Analysis

The debt collector called a telephone number in an attempt to reach Fontana and instead reached Fontana's sister. The debt collector initially asked if she was speaking with Fontana. After the sister identified herself, the debt collector asked to get in contact with Fontana's spouse. The sister then said this was her phone number and offered to tell Fontana to callback the debt collector.

This is a permissible attempt to "locate" Fontana by calling someone BACS believed knew or had information regarding his location. *See Padilla v. Payco General American Credits*, 161 F. Supp. 2d 264, 274 (S.D.N.Y. 2001)(finding the FDCPA was not violated when the debt collector called and asked a receptionist on several occasions to be connected to the debtor); *Horkey v. J.V.D.B. & Associates, Inc.*, 179 F.Supp.2d 861, 868 (N.D. Ill. 2002)(calling debtor's co-worker to inquire about whereabouts did not violate the FDCPA). Here, the debt collector called to locate Fontana. Only after the sister offered to leave a message did the debt collector leave the number. In addition, the debt collector complied with other requirements of the FDCPA: she identified her employer when asked, did not state Fontana owed a debt, and only contacted the sister once.

Moreover, this call was not harassing, abusive, or deceptive. To the contrary, it was brief and respectful. The debt collector first asked to speak with Fontana and then asked to speak with his spouse. After the sister identified herself and offered to inform Fontana of the call, the call ended. Under the FDCPA, a debt collector is permitted to telephone numbers believed to be associated with the debtor with whom the debt collector wants to get in contact with.

Plaintiff's reliance on his cited cases is misplaced. In *Thomas v. Consumer Adjustment Co., Inc.*, the debt collector <u>asked</u> the third party for a better telephone number. 579 F. Supp. 2d 1290 (E.D. Mo. 2008). Likewise, in *Belin v. Litton Loan Servicing*, the plaintiffs alleged the debt collector telephoned the third party (the debtor's mother) and <u>demanded</u> she have the debtor call back. 2006 WL 1992410, at *5 (M.D. Fl. Jul. 14, 2006). In *West v. Nationwide Credit, Inc.*, the debt collector telephoned the debtor's neighbor and <u>asked</u> the neighbor to inform the debtor to telephone back about a "very important" matter. 998 F. Supp. 642, 643 (W.D.N.C. 1998). Significantly, in the instant case, the debt collector did not ask the third party to pass along a message; instead, the sister <u>offered</u> to tell her brother to call back the debt collector. Under the

FDCPA, it is permissible for a collector to contact third parties to find out the debtor's phone number. Here, the collector called the number to find out to how get in contact with the debtor, not to use a third party to pass along a message.

Congress enacted the FDCPA to curb unfair, harassing, and deceptive debt collection practices. It is permissible for a debt collector to speak with a third party to acquire location information about the debtor. That was the purpose of the instant call. The third party offered to tell the debtor to call back the debt collector, and the debt collector confirmed the correct number. This call was not unfair, harassing, or deceptive; therefore, the undersigned finds this claim is premised on an invalid legal theory and should be dismissed.

### Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's claims under the FDCPA be DISMISSED, WITH PREJUDICE, for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

Under the provisions of 28 U.S.C. ç 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM**

ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS

AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

In Chambers, at Monroe, Louisiana, this 15th day of June 2020

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

7